UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR. 12-50107-JLV |
| | ) | |
| Plaintiff, | ) | |
| | ) | ORDER GRANTING |
| vs. | ) | CONTINUANCE |
| | ) | |
| ROBERT PROVINCIAL, | ) | |
| | ) | |
| Defendant. | ) | |

On July 24, 2012, an indictment was filed against Angel Provincial and Robert Provincial charging them with conspiracy to distribute a controlled substance. (Docket 3). Robert Provincial ("Mr. Provincial" or "defendant Provincial") was arrested and arraigned before Magistrate Judge Veronica L. Duffy on August 1, 2012. (Dockets 11 & 18). The magistrate judge ordered Mr. Provincial detained pending trial. (Docket 10). The Federal Public Defender for the District of South Dakota was appointed to represent Mr. Provincial. (Docket 9). On August 1, 2012, the court issued a scheduling and case management order directing that the trial of defendant Provincial's case would begin on October 9, 2012. (Docket 12).

On October 1, 2012, Assistant Federal Public Defender Gary Colbath ("AFPD Colbath") filed a motion for continuance in order to allow him additional time to prepare for trial. (Docket 20). On October 3, 2012, AFPD Colbath filed an amended motion for continuance. (Docket 21). That same

day, the court filed an order granting continuance and directing that the trial of defendant Provincial's case begin on December 4, 2012. (Docket 22). The order provided the time "resulting from this continuance is excluded in computing the time within which the trial of the case must commence." Id. at p. 2 (referencing 18 U.S.C. § 3161(h)(7)(A)).

On November 25, 2012, citing a recently discovered conflict, AFPD Colbath filed a motion to withdraw as counsel for defendant Provincial. (Docket 25). On November 27, 2012, Magistrate Judge Duffy granted the motion and appointed Attorney Jessica Larson to represent Mr. Provincial. (Docket 26). On November 28, 2012, Attorney Larson filed a second motion for continuance requesting a sixty (60) day continuance to allow time to prepare for trial. (Docket 28). That same day the court granted the second motion for continuance and set January 29, 2013, as the date for the trial of defendant Provincial. (Docket 29).

On January 14, 2013, the government filed a motion for continuance of the trial of defendant Provincial. (Docket 34). The basis for this motion is Angel Provincial was arrested on or about January 9, 2013, in the state of Utah on the outstanding arrest warrant in this case. Id. On January 10, 2013, Magistrate Judge Duffy issued a writ of habeas corpus ad prosequendum for Angel Provincial. (Docket 32). The writ directed the United States Marshals Service to transport Angel Provincial for an initial

appearance before the United States District Court for the District of South Dakota, Western Division.  Id.  On January 15, 2013, defendant Robert Provincial filed an objection to the government's motion for continuance on the basis of the "Speedy Trial Act, 18 U.S.C. § 3161 *et seq.*, and the Sixth Amendment to the United States Constitution . . . ."  (Docket 35 at p. 1).  Mr. Provincial argues his right to a speedy trial would be violated because he has been incarcerated a total of 167 days as of the date of his objection.  Id.

"Sixth Amendment and Speedy Trial Act challenges for delay are reviewed independently of one another."  United States v. Williams, 557 F.3d 943, 948 (8th Cir. 2009) (citation and internal quotation marks omitted).  A defendant's Sixth Amendment right to a speedy trial " 'attaches at the time of arrest or indictment, whichever comes first, and continues until the trial commences.' "[1]  United States v. Erenas-Luna, 560 F.3d 772, 776 (8th Cir. 2009) (quoting United States v. McGhee, 532 F.3d 733, 739 (8th Cir. 2008)).  The Sixth Amendment does not specify a time limit in which an accused must be brought to trial.  See U.S. Const. amend. VI.

Because of the "vague" nature of this right, "any inquiry into a speedy trial claim necessitates a functional analysis of the right in the particular

---

[1] Robert Provincial's Sixth Amendment rights attached at the time of the filing of the indictment as his arrest came later.

context of the case[.]"  Barker v. Wingo, 407 U.S. 514, 522 (1972).  To assist courts in evaluating speedy trial claims, the Barker Court established a four-factor balancing test "in which the conduct of both the prosecution and the defendant are weighed."  Id. at 530.  These factors are the length of the delay, the reason for the delay, the defendant's assertion of his right to speedy trial, and the prejudice to the defendant.  Id.  Because the "length of the delay is to some extent a triggering mechanism[,]" courts need not inquire into the remaining factors "[u]ntil there is some delay which is presumptively prejudicial[.]"  Id.; see also United States v. Chahia, 544 F.3d 890, 898 (8th Cir. 2008) ("With respect to the first factor, an accused must allege that the interval between accusation and trial has crossed the threshold dividing ordinary from presumptively prejudicial delay. . . . [I]f the length of the delay is not presumptively prejudicial, [courts] need not examine the other criteria.") (citations and internal quotation marks omitted).  However, "because of the imprecision of the right to speedy trial, the length of delay that will provoke such an inquiry is necessarily dependent upon the peculiar circumstances of the case."  Barker, 407 U.S. at 530-31.

The court finds the five and one-half month delay for the trial of defendant Provincial is not presumptively prejudicial.  See Chahia, 544 F.3d at 899 (a delay of six and one-half months is not presumptively prejudicial);

United States v. Lozano, 413 F.3d 879, 883 (8th Cir. 2005) (a delay of approximately seven months is not presumptively prejudicial); United States v. Titlbach, 339 F.3d 692, 699 (8th Cir. 2003) (a delay of eight months was not presumptively prejudicial); United States v. Perez-Perez, 337 F.3d 990, 995 (8th Cir. 2003) (a delay of five months is not presumptively prejudicial); cf. Williams, 557 F.3d at 949 (a delay of sixteen months was presumptively prejudicial); United States v. Jeanetta, 533 F.3d 651, 656 (8th Cir. 2008) (a delay of fifteen months was presumptively prejudicial); Doggett v. United States, 505 U.S. 647, 652 n. 1 (1992) (a delay approaching one year may meet the threshold for presumptively prejudicial delay).

The court finds defendant Provincial's motions for continuance comprise the vast majority of the time elapsed between his arrest and the government's current motion. Additionally, this case involves allegations of a conspiracy to distribute a controlled substance which typically results in voluminous discovery which defense counsel is required to examine in preparation for trial. Finally, as this case is alleged to involve a conspiracy, all of the alleged participants in the conspiracy should be tried together. See United States v. Ruiz, 446 F.3d 762, 772 (8th Cir. 2006) ("In general, persons charged in a conspiracy or jointly indicted on similar evidence from the same or related events should be tried together.") (citations and internal quotation marks omitted); Chahia, 544 F.3d at 898-99 (finding the six and

one-half month delay was not presumptively prejudicial when the case involved nine co-defendants accused of participating in a drug conspiracy, discovery remained to be produced, some co-defendants had not made their initial appearances, and the charges against the defendants arose from the same facts and circumstances, necessitating joinder of trial).  Because the court finds the delay in bringing defendant Provincial to trial is not presumptively prejudicial, the court need not inquire further.  The court finds no violation of Mr. Provincial's Sixth Amendment right to a speedy trial.

The Speedy Trial Act requires a defendant to be brought to trial within 70 days of his indictment or arraignment, whichever is later.  18 U.S.C. § 3161(c)(1); Williams, 557 F.3d at 950.  By the court's calculation only sixty (60) days of the speedy trial clock of defendant Provincial have expired as of the date of the government's motion for continuance.[2]   With that starting point, the Act describes periods of delay that "shall be excluded in computing the time within which . . . the trial of any such offense must commence[.]"  18 U.S.C. § 3161(h).  One such period of excludable delay is

---

[2]The only time charged against the speedy trial clock is the time between Robert Provincial's arraignment on August 1, 2012, until the first motion for continuance on October 1, 2012.  All other time periods have been excludable under 18 U.S.C. § 3161(h)(7)(A).  See Dockets 22 & 29 and CM/ECF Speedy Trial Validation Report.

"delay resulting from any proceeding relating to . . . the removal of any defendant from another district under the Federal Rules of Criminal Procedure[.]" 18 U.S.C. § 3161(h)(1)(E). With the arrest of Angel Provincial and the issuance of a writ of habeas corpus ad prosequendum by Magistrate Judge Duffy, the court presumes Angel Provincial will have a prompt initial appearance in the District of Utah. Removal of Angel Provincial from the District of Utah to the District of South Dakota is precisely the type of excludable delay contemplated by § 3161(h)(1)(E).

There is a clear preference for a joint trial of persons charged with a conspiracy. Ruiz, 446 F.3d at 772; see also United States v. Kime, 99 F.3d 870, 880 (8th Cir. 1996) ("Persons charged with a conspiracy will generally be tried together, especially where proof of the charges against each of the defendants is based on the same evidence and acts. Rarely, if ever, will it be improper for co-conspirators to be tried together.") (citations and internal quotation marks omitted). The court finds the inconvenience and expense of separate trials clearly outweigh any prejudice to defendant Provincial in joinder. As previously explained, joinder will not violate the constitutional and statutory rights of Mr. Provincial.

The court finds an additional two-month delay in bringing defendant Provincial to trial is reasonable given the particular circumstances of this case. Pursuant to § 3161(h)(7)(A), the court finds the ends of justice served

by continuing the trial outweigh the best interests of the public and defendant Provincial in a speedy trial.

In accord with the above discussion, the court overrules defendant Provincial's objections to the government's motion to continue. Good cause appearing, it is hereby

ORDERED that the government's motion to continue (Docket 34) is granted, and the following deadlines shall apply:

| Applications for Writ of Habeas Corpus Ad Testificandum | March 5, 2013 |
| --- | --- |
| Other motions | March 5, 2013 |
| Responses to motions due | Within seven days after motion is filed |
| Subpoenas for trial | March 12, 2013 |
| Plea agreement or petition to plead and statement of factual basis | March 12, 2013 |
| Notify court of status of case | March 12, 2013 |
| Motions *in limine* | March 19, 2013 |
| Proposed jury instructions due | March 19, 2013 |
| Pretrial conference | Monday, March 25, 2013, at 9 a.m. |
| Jury trial | Tuesday, March 26, 2013, at 9 a.m. |

The period of delay resulting from this continuance is excluded in computing the time within which trial of the case must commence. 18 U.S.C. § 3161(h)(7)(A).

All other provisions of the court's scheduling and case management order (Docket 12) remain in effect unless specifically changed.

Dated January 23, 2013.

BY THE COURT:

/s/ *Jeffrey L. Viken*
JEFFREY L. VIKEN
CHIEF JUDGE